**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RICHARD DOUGLAS FLOWERS, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 26-2501-KHV** |
| **JUDGE TIMOTHY DUPREE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Emergency Motion For Temporary Restraining Order And Preliminary Injunction Pursuant To FRCP 65 (Doc. #5) filed August 20, 2026 and Plaintiffs' Emergency Motion For A Temporary Restraining Order And Preliminary Injunction To Stay Foreclosure Sale (Doc. #15) filed September 15, 2026. For reasons stated below, the Court overrules both motions.

**Preliminary Injunction Standards**

The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." Tri–State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits. Id. Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a preliminary injunction, the movant must establish that (1) she will suffer irreparable injury unless the preliminary injunction issues; (2) the threatened injury outweighs whatever damage the proposed preliminary injunction may cause the non-movant; (3) if issued, the preliminary injunction will not be adverse to the

public interest; and (4) the movant is substantially likely to ultimately prevail on the merits of its claims. Tri-State, 805 F.2d at 355. If the moving party demonstrates that the first three factors "tip strongly" in her favor, the test is modified and the moving party "may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Okla. ex rel. Okla. Tax Comm'n v. Int'l Registration Plan, Inc., 455 F.3d 1107, 1113 (10th Cir. 2006).

**Brief Background**

The pro se plaintiffs in this case are defendants in a mortgage foreclosure action in District Court in Wyandotte County, Kansas. See AmeriHome Mortgage Company, LLC v. Richard Flowers, et al., Wyandotte County District Court Case No. WY-2024-CV-000883. On August 1, 2025, the Wyandotte County District Court entered a judgment of foreclosure against Richard Douglas Flowers, Sophia Lynn Flowers and others relating to the property located at 7816 Savage Drive, Kansas City, KS 66109. The plaintiffs' filing of a Chapter 7 bankruptcy action, which the bankruptcy court later dismissed, delayed the foreclosure action. On July 27, 2026—before plaintiffs filed their federal lawsuit—the Wyandotte District Court ruled that the judgment of foreclosure dated August 1, 2025 was valid and enforceable and permitted the sale of 7816 Savage Drive. The property is scheduled for a foreclosure sale on September 22, 2026.

**Analysis**

Plaintiffs ask this Court for an order: (1) restraining and enjoining defendants, their agents and state officers from executing foreclosure or eviction operations against 7816 Savage Drive; (2) setting an expedited hearing on a preliminary injunction; and (3) waiving any security bond requirement under Rule 65(c), Fed. R. Civ. P., given plaintiffs' indigence. Plaintiffs' Emergency

Motion For Temporary Restraining Order And Preliminary Injunction Pursuant To FRCP 65 (Doc. #5) filed August 20, 2026 at 3. Plaintiffs argue that they have demonstrated a substantial likelihood of success on the merits of their claims under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605. Id. at 2.

On September 15, 2026, plaintiffs filed another emergency motion requesting that this Court: (1) issue an emergency temporary restraining order halting the Sheriff's sale scheduled for September 22, 2026; (2) set an expedited hearing for a preliminary injunction; and (3) order the defendants to cease and desist all eviction and execution actions pending resolution of their federal case. Plaintiffs' Emergency Motion For A Temporary Restraining Order And Preliminary Injunction To Stay Foreclosure Sale (Doc. #15). Plaintiffs claimed that on September 14, 2026, when they visited the Wyandotte County courthouse to submit emergency filings, a judicial assistant became "irate" and summoned three Sheriff's deputies, leading to a "hostile, armed standoff" that lasted 45 to 60 minutes. Id. at 2. Plaintiffs contend that this interaction is the "culmination of a two-year pattern of corruption" during which the state court has ignored their motions and permitted opposing counsel to unilaterally control the court dockets. Id.

The Anti-Injunction Act, 28 U.S.C. § 2283, prevents the Court from granting plaintiffs the relief they request. Section 2283 provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act is an absolute prohibition against enjoining state court proceedings, like the foreclosure action at issue here, unless the injunction falls with one of three specifically defined exceptions. See Atl. Coast Line R. Co. v. Bhd. Of Locomotive Eng'rs, 398 U.S. 281, 286–87 (1970). The only argument plaintiffs advance to establish a substantial likelihood of success on

the merits is based on RESPA, but that statute is not an expressly authorized exception to the Anti-Injunction Act. Because plaintiffs' motions do not show that any of the exceptions to the Anti-Injunction Act apply here, the Court is unable to interfere in the state court proceedings. See Horton v. Clark, 948 F.2d 1294, 1991 WL 240115, at *1 (10th Cir. Nov. 15, 1991) (Anti-Injunction Act applies to state foreclosure proceedings); Von Neumann v. Wells Fargo Bank N.A., 2025 WL 2208129, at *1 (D. Colo. Mar. 12, 2025) (same).[1]

Plaintiffs' motions also implicate the Rooker-Feldman doctrine. That doctrine divests federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Federal courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify orders of state courts. Millard v. Camper, 971 F.3d 1174, 1186 (10th Cir. 2020). On August 1, 2025, the Wyandotte District Court entered a judgment of foreclosure against Richard Douglas Flowers and Sophia Lynn Flowers relating to 7816 Savage Drive. More recently, on July 27, 2026—before plaintiffs filed their federal lawsuit—the Wyandotte District Court found that the judgment of foreclosure dated August 1, 2025 was valid and enforceable and permitted the sale of 7816 Savage Drive. Plaintiffs ask this Court to interfere with those orders and to halt the Sheriff's sale of that property, which is scheduled for September 22, 2026. The Court lacks jurisdiction to do so. Therefore, the Court

[1] In their second emergency motion, filed September 15, 2026, plaintiffs do not address the likelihood of success on the merits. The Court affords pro se plaintiffs some leniency and liberally construes their filings. See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). Even assuming the Anti-Injunction Act did not apply, Plaintiffs' general allegations about corruption and deprivation of constitutional protections are insufficient to establish that they are substantially likely to ultimately prevail on the merits of their claims, or to meet the modified test for success on the merits.

overrules plaintiffs' emergency motions.

**IT IS THEREFORE ORDERED** that Plaintiffs' Emergency Motion For Temporary Restraining Order And Preliminary Injunction Pursuant To FRCP 65 (Doc. #5) filed August 20, 2026 and Plaintiffs' Emergency Motion For A Temporary Restraining Order And Preliminary Injunction To Stay Foreclosure Sale (Doc. #15) filed September 15, 2026 are **OVERRULED.**

Dated this 19th day of September, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge